51  495
31a  45
31a  464
51  495
141  628
40a  419
51  495
50a  476
51  495
e100a¹151

ELIZA A. QUINN, Administratrix

of BERNARD QUINN, deceased,

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

1. RAILROADS—NEGLIGENCE—*passengers standing upon platform.* One of a large funeral party who took passage upon a train to go a distance of twelve miles, was standing upon the steps of the platform of one of the cars holding on to the railing, when the conductor came along collecting fare. In making change for a bank note which the passenger paid for his fare, the wind carried away the paper as it was passing from the hand of the conductor to that of the passenger. The latter, in attempting to regain it, and as he was then standing on the edge of the platform, or on the steps, lost his foothold and fell against an embankment, was thrown back under the cars and killed. The cars were quite full, but there was standing room in all of them. In an action against the company, under the statute, to recover damages for the death of the deceased, it was *held*, it was the negligence of the deceased, not that of the company, which caused his death, and there could be no recovery.

2. Where a passenger voluntarily places himself in such an exposed position, with abundant standing room in the cars, even though the seats are all full, and falls to the ground, not in consequence of a collision, or a broken rail, or other fault of the company, but in the endeavor to recover money that the wind has blown away, the negligence of the passenger is far greater than that of the company.

3. While it is negligence on the part of a railroad company, for which they should be held strictly accountable, not to furnish comfortable sitting accommodations for their ordinary number of passengers, or even for an extraordinary number, upon due notice, yet the same strictness should not be applied when a train is unexpectedly crowded by a large party going only a few miles.

4. And even if the company are notified that a special party will take passage on a train, and do not furnish sitting room for all, there being abundant standing room within the cars, if a member of the party voluntarily expose himself to the danger of standing upon the platform, and he receives injury in consequence of such exposure, his own negligence will be regarded as far greater than that of the company in failing to provide seats for all the passengers, and no recovery for injuries so received can be had.

5. And even if it was the duty of the conductor, in this case, to have advised the deceased to enter the car from the platform, at least while paying his fare, his failure to do so was as nothing when compared with the gross negligence of the deceased.

6. ERROR WILL NOT ALWAYS REVERSE—*of taking a case from a jury.* Where there is evidence tending to prove the issue in a cause, the plaintiff has a right to take the verdict of a jury; still, where the court takes a case from the consideration of the jury by excluding all the evidence introduced, the judgment will not be reversed for that cause, if it appear that no injustice was done thereby.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellant.

Mr. JOHN N. JEWETT, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This suit was brought by the administratrix of Bernard Quinn, deceased, to recover damages for his death. On the trial, the court, after the plaintiff closed his evidence, on motion of the defendant, withdrew it from the consideration of the jury, who thereupon returned a verdict for the defendant.

It appears that the deceased, as one of a large funeral party, had taken passage on the cars of the appellee at Cairo for a point a few miles distant from that city. The cars were quite full,. but the conductor thinks there were unoccupied seats in one of them, and there was standing room in all. The deceased, with several other persons, was standing on the platform when the conductor passed along collecting fares. In making change for a bank note which the deceased paid for his fare, the wind carried away the paper as it was passing from the hand of the conductor to that of the deceased.

The latter attempted to regain it, and as he was then standing on the edge of the platform, or on the step, he lost his foot-hold and fell to the ground. As he fell he struck against the embankment, was thrown· back under the cars and killed.

This brief statement of the facts, about which there is no controversy, shows there is no ground whatever for maintaining this action. It was the negligence of the deceased, not that of the railway company, which caused his death. He was chargeable with extreme carelessness, and we can not see on what grounds any material negligence can be attributed to the company. He had voluntarily taken a dangerous position which resulted in his death, and there is no reason why the company should be made to pay damages therefor. Admitting, however, as claimed by appellant's counsel, that the conductor should have advised the deceased to enter the car, at least while paying his fare, his failure to do so was as nothing when compared with the gross negligence of the deceased. The death of the unfortunate man can be attributed only to his own recklessness.

It is urged, however, that this question should have been left to the jury. The practice adopted by the court can not be safely followed in many cases. Whenever there is evidence tending to prove the issue, the plaintiff has a right to take the verdict of a jury. But if this had gone to the jury and they had found for the plaintiff, the court should have set aside their verdict, or, if it had refused to do so, it would have been set aside by this court. As no injustice has been done the plaintiff we can not reverse the judgment.

*Judgment affirmed.*

At the September term, 1870, a petition for a rehearing of this cause was presented on behalf of the appellant, whereupon the court delivered the following additional opinion:

Messrs. GOODWIN & ROCKWELL and Messrs. MILLER & VAN ARMAN, for the petitioner.

. Mr. CHIEF JUSTICE LAWRENCE* : A petition for re-hearing
having been presented in this case we have again considered it,
but see no reason to change the conclusion hitherto announced.
Counsel cite in their petition *Colegrove* v. *N. Y. & N. H. R.
R. Co.*, 20 N. Y. 492, and *Willis* v. *Long Island R. R. Co.*,
32 Barb. 399, and same case, 34 N. Y. 681. These cases do
not sustain the claim to recover made upon this record. In
both of these cases the defendant was guilty of great negli-
gence, independently of all question as to insufficient room
within the cars, and the substance of the decisions is, that a
railway company may be guilty of such negligence as to be
liable for an injury to a passenger, notwithstanding he is stand-
ing upon the platform, and would have been safe if within the
car. To this proposition we should probably not disagree.
But in this case the only negligence which can be attributed
to the company is the failure to supply sufficient sitting accom-
modation to a funeral party going a distance of twelve miles,
and consisting of seventy or eighty persons, the evidence leav-
ing it extremely doubtful whether any notice at all had been
given to the company that such a party would leave upon the
train, and there being absolutely no evidence that the company
had been notified what would be the size of the party or what
accommodations they would require. A railway company
which fails to furnish comfortable sitting accommodation for
its ordinary number of passengers, or even for an extraordi-
nary number upon due notice, is certainly negligent, and should
be held to strict accountability, but it would be unreasonable
to apply the same strictness when a train is unexpectedly
crowded by a funeral party going only a few miles.

In this case, however, we deny the application for a rehear-
ing because, admitting all the evidence proves or tends to
prove, admitting that the company had been notified that there
would be a funeral party upon the train, and admitting even

---

*NOTE.—Subsequent to the filing of the original opinion in this case, Mr. Justice LAW-
RENCE, being the oldest justice in commission, became Chief Justice.

that all the seats were occupied, it is still proven by all the witnesses that there was abundant standing room in the cars, and this is conceded by appellant's counsel. It is further conceded in the petition for rehearing that the deceased was standing on the steps of the platform holding on to the railing. It is also proved that deceased had been in the employment of the railway company, and was of course familiar with the perils of railway travel. When a passenger voluntarily places himself in this most exposed position, with abundant standing room within the cars, and falls to the ground, not in consequence of a collision, or a broken rail, or other fault of the company, but in the endeavor to secure money that the wind had blown away, we can see no ground for holding that his own negligence is not far greater than any that can be attributed to the company. In the case above cited, of *Willis* v. *L. I. R. R. Co.*, in 32 Barb., upon which counsel rely in the petition for a rehearing, the court distinctly places its decision upon the ground that the injury to the plaintiff arose from a cause which the plaintiff was not bound to guard against, namely, the throwing of the train from the track by obstructions on the road which the company should have removed, and say: "If a man places himself in such a position that in the ordinary movement and conduct of the train he is exposed to danger, he may justly be said to be negligent of his security, and must take the consequences if he is injured." The court further say: "If the plaintiff in this case had been thrown off the platform by a jerk or movement of the train, he would have encountered a danger incident to his position, and although the jerk might have been occasioned by high and unusual speed, or other mismanagement, still, at the most, the fault would have been mutual." It is apparent from these quotations that upon the principles laid down by that court, no recovery could be had in the present case.

We are by no means disposed to relax in the least degree, the just obligations or liabilities of railway companies, but in

this case the death of the deceased was so clearly attributable directly to his own rashness that we cannot hold the company liable in damages.

*Rehearing denied.*