————o————

OLIVER DAVIS, Appellant, *vs.* THE KANSAS CITY, ST. JOSEPH and COUNCIL BLUFFS RAILROAD COMPANY, Respondent.

1. *Railroads—Seat in car—Ticket—Surrender of.*—A passenger on a railroad train, who exhibits his ticket and demands a seat, need not surrender the ticket till the seat is furnished.

2. *Damages—Railroad passenger ticket—Refusal to surrender—Expulsion from train—Failure to furnish seat, etc.*—A. buys a ticket from Winthrop to Bigelow on the K. C. & St. J. R. R. The cars are crowded. He refused to surrender his ticket till provided with a seat, and is ordered to leave the train when it shall arrive at Forest City. At this point he procures a seat, and subsequently tenders his fare from thence to Bigelow; but refuses to pay fare from Winthrop, or to give up his ticket. Thereupon the conductor declines the amount offered, and not receiving his ticket, ejects him from the train.

In an action for damages by A., based upon the original contract for transportation entered into at Winthrop, *held*, that under that contract, A. would not be entitled to ride from Forest City to Bigelow without surrendering his ticket, or tendering his full fare from Winthrop, and could not maintain his action; although the case might be different, where plaintiff set up a new contract entered into at Forest City and based his action thereupon.

*Appeal from Buchanan Circuit Court.*

*Hill and Carter*, for Appellant.

I. At Forest City, where plaintiff could get a seat, he offered to enter into a new contract, and tendered his fare to Bigelow, which defendant refused and turned him off the train, when he was in justice and in law entitled to a ride. It must be an *extreme* case which will excuse or justify a R. R. Company in absolutely refusing to carry a passenger. (2 Redf. Railw.,(4th Ed.) 257, § 198; 258, n. 4.)

II. A passenger, who is not furnished with a seat, is not obliged to pay fare, and if he is expelled from the cars for refusing such payment, may sustain an action against the Company. (2 Redf. Railw., (4 Ed)., 257, n. 1.)

III. The defendant could not in any event be justified in ejecting and turning passenger out of train at any other place on its route than a usual stopping place or near a dwelling house. (1 W. S., 307, § 28; 18 U. S. Dig., 101, § 105; Stephen vs. Smith, 29 Verm., 160; 18 Ills., 460.)

*Hall and Oliver & Stringfellow*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Oliver Davis brought suit in the Circuit Court of Buchanan county, against The Kansas City, St. Joseph & Council Bluffs Rail Road Company, and his petition is substantially as follows:

The first count alleges, that defendant was an incorporated company, under the laws of this State, engaged in the transportation of passengers for hire, on the line of its road, from Kansas City through St. Joseph to Council Bluffs in the State of Iowa; that plaintiff purchased of defendant on the 18th of October, 1870, a first-class ticket entitling him to a seat, in accordance with such ticket, in the cars of defendant, from the town of Winthrop to the town of Bigelow, on the line of defendant's railroad; that defendant failed and refused to furnish sufficient accommodations, and its cars were so crowded, that plaintiff could not procure a seat; was compelled to stand to his great pain, danger, &c., by being jolted and thrown about by the rapid motion of the cars against the arms of seats, &c., although plaintiff was suffering at the time with great physical debility, and rheumatism; to his damage in the sum of five thousand dollars, for which judgment is asked.

The second count in its introductory matter is like the first, and charges that defendant, " after having carried plaintiff as such passenger in such cars ", to a place about half way between Forest City and Bigelow, declined and refused to further carry or transport him, and ejected him without lawful excuse from its cars, in the night time, on an uninhabited prairie, while the night was dark, cold and rainy, whereby plaintiff was compelled to walk about five miles to the town of Bige-

low, through mud and water, exposed to great danger, and his health impaired, &c.; to his damage in the sum of ten thousand dollars, and judgment asked for that sum.

The chief portion of the answer of defendant is tantamount to a general denial; it admits that plaintiff was a passenger on its road, but denies that he had purchased a ticket, and then as a further defense, states that he went on board of the cars of defendant, and that while on said cars, between St. Joseph and Forest City, the conductor asked plaintiff for his ticket or his fare, which he wrongfully refused to deliver or pay to the conductor, who then informed him that he must get off at the next station, Forest City, and this plaintiff also failed to do, but remained on the cars, and upon being again called on for his ticket or his fare, wrongfully and without excuse refused to deliver the one, or to pay the other; and thereupon the conductor gently laid his hands upon him and put him off the train, after the same had been stopped near several dwelling houses, using no more force than was necessary, &c.

The reply traverses all the chief allegations of the answer, and alleges the production and exhibition of the plaintiff's ticket to the conductor, and the offer by plaintiff to pay his fare, &c.

The testimony, adduced at the trial of the cause, discloses the fact that the controversy, which gave rise to this suit, arose respecting a seat in the defendant's cars; to which seat plaintiff claimed he was entitled, prior to surrendering his ticket, or paying his fare.

He rides from Winthrop to St. Joseph on his ticket, which is punched or cancelled in the usual way, for that portion of the trip, and that train proceeding no further, the journey is resumed in the morning; and between St. Joseph and Forest City, he is called upon for his ticket, but declines to surrender it until provided with a seat, stating that he would not pay fare and stand up. The plaintiff claims that he showed the conductor his ticket and told him, " when you get me a seat, I will give you the ticket," and that the conductor replied, "I

will give you a seat as soon as I can get it;" and that the plaintiff then said, "then you can have the ticket." The conductor however states that he told plaintiff, that if he would pay his fare or surrender his ticket, he would furnish him with a seat. Yet the accounts of both parties agree in this, that plaintiff is told that unless he pays his fare, or surrenders his ticket, he would have to get off at the next station, Forest City; but instead of doing either, he remains on the cars, until after that station is passed, secures a seat, and when called on the second time, he tenders his fare from Forest City to Bigelow, or as far as he had had a seat, and refuses to pay full fare from St. Joseph, or to surrender his ticket, and he is then, in consequence of such refusal, put off the train.

Various instructions were asked by the plaintiff, and refused by the court, and several instructions given at the instance of defendant; to which action of the court, plaintiff duly saved his exceptions. But in the view I take of this case, it is entirely unnecessary to examine into the correctness of the action of the court below in that particular, as I do not think that the plaintiff was, upon his own showing, entitled to a recovery.

There can be no doubt, that a passenger on a railroad, who exhibits his ticket and demands a seat, has a right to have that demand complied with, prior to the surrender of that which constitutes, in the very nature of the case, the best evidence of his contract with the company for safe and comfortable transportation. But it is equally true, that he must adhere to, and rely on that contract, or if there be a non-compliance with its terms in any reasonable and essential particular on the part of the company, he must abandon the contract and quit the train, so soon as suitable opportunity offers. He will not be permitted, as was attempted in this case, to grasp that contract's benefits with one hand, while he shirks and repudiates its burdens and liabilities on the other. And had the plaintiff, upon presentation of his ticket, and the refusal of a seat until he surrendered that ticket, abandoned his contract,

and left the train at Forest City, a widely different question as to the liability of the railroad company might then have been presented. But instead of doing this, he retains his ticket, remains on the train under his original contract, secures a seat at Forest City, and then when called upon for his fare or his ticket the second time, tenders what is barely sufficient payment from the station, where he is told to get off, to the point of his destination. It was contended by appellant's counsel in the argument, that plaintiff had a right to make a contract from Forest City to Bigelow, but conceding the soundness of this position, it is not seen what possible bearing it can have on this case, for this suit is brought not on any new contract, but on the one alleged to have been entered into at Winthrop.

For these reasons, without entirely sanctioning the action of the court below, as to giving or refusing instructions, I am of opinion that the judgment should be affirmed. Judges Wagner and Napton absent. The other Judges concur.