Memphis & Charleston Railroad Company *v.* Benson.

MEMPHIS & CHARLESTON RAILROAD COMPANY *v.* BENSON.

| 85 | 627 |
|----|-----|
| 116 | 549 |

(*Jackson.* April 8th, 1887.)

1. RAILROADS. *Carrier of passengers. Must furnish seats. Passengers' rights and duty, when seats are not furnished.*

A carrier of passengers by railway must furnish *seats* as well as transportation to those taking passage on its trains, and cannot rightfully require payment of fare or surrender of ticket by the passenger until both a *seat* and transportation are provided; but a passenger accepting transportation without a seat, or failing to obtain one by reason of his non-compliance with the reasonable regulations of the company, must pay fare or surrender his ticket on demand, and for refusal to do so may be ejected. He is not entitled in any case to free passage, *standing,* but if wrongfully denied a seat, may refuse transportation without it, and abandon the train, and recover damages of the company for its default.

Cited: Rorer on Railroads, 968, 969; 53 Mo., 317; 45 Ark., 368.

(See Code, § 2363 (M. & V.); § 4927*e* (T. & S.)

2. SAME. *Same. Reasonable regulations. Ladies' car.*

A carrier of passengers by railway may make and enforce reasonable regulations touching the car in which a passenger may be required to take passage, provided equal and proper accommodations are furnished to all passengers holding first-class tickets; and a regulation by which a particular coach of a train is set apart for the exclusive accommodation of ladies and gentlemen traveling with ladies is reasonable, there being provided equal accommodations, for other passengers, in other coaches of the train.

Cases cited and approved: Chesapeake, Ohio & Southwestern Railroad Company *v.* Wells, *ante,* p. 613; 5 Penn., 209; 55 Ill., 185.

3. SAME. *Same. Regulations must be enforced without insult or indignity to passenger.*

The method by which a carrier of passengers enforces its reasonable regulations must be itself reasonable, and free not only from all unnecessary force, but likewise free from all unnecessary *indignity* to the passenger; but where a person is ejected from a train because of his refusal to pay fare, or to produce ticket on demand of the conductor, or to leave the train, he is not entitled to recover of the company because of unnecessarily insulting and abusive language addressed to him by the conductor while ejecting him, there being, in such case, no proof that the relation of passenger and carrier existed between the parties.

4. EVIDENCE. *Railroad ticket. Contents not provable by parol, unless loss is shown.*

The contents of a railroad ticket cannot be proved by parol, over objection, unless the non-production of the original ticket is accounted for.

### FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. O. PIERCE, J.

Action by an alleged passenger against a railroad company for an alleged unlawful ejection from a train, accompanied by unnecessary indignity. Verdict for plaintiff for $500. Appeal by railroad company.

POSTON & POSTON, and L. W. HUMES, for Railroad Company.

WRIGHT & FOLKES for Benson.

LURTON, J. This was a suit for damages for an alleged unlawful ejection of the defendant in error from the train of the plaintiff in error. There was a judgment for $500 in favor of the defendant in error rendered by the Circuit Judge, who tried the case without a jury. The railway company have appealed, and a number of reasons are assigned for reversal.

The defendant in error went upon the passenger train at Memphis, Tenn., and went into the car

set apart for ladies and gentlemen traveling with ladies. This car at the time was overcrowded, and he was unable to obtain a seat, and this condition of things he saw before the train left Memphis, yet he made no demand at Memphis, the terminal station, for a seat; but, preferring to take his chances to get a seat, he remained on the car standing until after the train had started upon its trip. After the train had gotten well out of Memphis the usual demand was made upon him for his ticket. This he declined to surrender, taking the position that he would not surrender his ticket until he had been furnished with a seat. The conductor called his attention to the fact that there was not a vacant seat in the car in which he was, and offered to get him a seat in the next forward car, and further saying that it would be but a short time before seats would be vacated by passengers for local stations, and that he would then give him a seat in the ladies' car. This he declined, and demanded a seat in the ladies' car before surrendering his ticket.

The demand of the conductor for his ticket was renewed in a short time, with the statement that he must either get off the train or surrender his ticket. This demand was again refused, and he further declared that he would not leave the train. Upon the train stopping at the next regular station he, still refusing to leave the train, was ejected.

He neither surrendered his ticket to the con-

ductor or showed that he had such ticket, nor did he state the point to which he was destined. He bases his refusal to go into the forward car upon the ground that it was a smoking-car, and that the foul air of such a car was likely to make him ill.

There can be no doubt that the contract of a carrier of passengers by railway is one not only to furnish the passenger with transportation, but with the comfort of a seat. The contract is no more performed by furnishing him with a seat without transportation than it is when he is offered transportation without a seat. It is equally well settled that the passenger need not surrender his ticket until he is furnished with a seat, for the ticket is the evidence of the contract which entitles him to one. But it cannot be that one may ride free because not furnished with a seat. If the passenger chooses to accept transportation without a seat, he must, on demand, pay his fare. If unwilling to ride without transportation is furnished him in a seat, he must get off at first opportunity, and by so doing may bring his action for breach of contract, and recover as damages such sum as will compensate him for such breach, including such damages as are the natural and immediate results of such breach. Rorer on Railroads, 968, 969; *Davis* v. *Railroad*, 53 Mo., 317; *Railroad* v. *Leigh*, 45 Ark., 368.

It results that for the indignity and vexation consequent upon the ejection in this case there can

be no recovery. This result is made the more certain by the facts of this case, it appearing that at the time this passenger entered the car at the terminal station he saw that this car assigned to ladies, and gentlemen with ladies, was overcrowded, and he knew that he must either ride standing or take a seat in the car called the smoking-car. He gave the railway company no opportunity to furnish additional seats while at this terminal station. We have at this term, in the case of *Railroad Company* v. *Ida Wells*, 1 Pickle, 613, held that a railway company may make reasonable regulations concerning the car in which a passenger might be required to ride, provided that equal accommodations were furnished to all holding first-class tickets, and that a regulation assigning a particular car to persons of color, that car being in all respects equal in comfort to any other in the train, was reasonable. This rule has been sustained in the courts of many States. *Westchester Railroad Company* v. *Miles*, 55 Penn., 209; *Chicago & Northwestern Railroad* v. ————, 55 Ill., 185.

So we think a regulation setting apart a car for ladies, or gentlemen accompanied by ladies, a reasonable regulation. A passenger may not dictate where he will sit or in which car he will ride. If he is furnished accommodations equal in all respects to those furnished other passengers on the same train, he cannot complain, and this was the substance of our decision in the Ida Wells case. The doctrine is equally applicable here. This pas-

senger, when he took passage at Memphis, did it with knowledge that the ladies' car was crowded, and that he would either have to ride standing in that car or go into the car designed exclusively for gentlemen, and in which smoking was permitted. The requirement that he should go temporarily into the smoking car under these circumstances was not unreasonable. He ought not to have started when he did unless willing to submit to what he realized was an inevitable necessity without giving the carrier notice of his demand.

But upon another ground this judgment cannot be sustained, even for damage for breach of contract. The defendant in error in his deposition states that he had a ticket purchased at Austin, Texas, which entitled him to passage to Atlanta, Ga., and that one of the coupons upon this ticket entitled him to passage over the road of plaintiff in error from Memphis to Chattanooga. The ticket he does not produce, nor does he account for his failure to produce it by proof of its loss, or that he had subsequently used it. Objection was taken to this evidence, and the objection overruled, upon promise of counsel, at a subsequent stage of the trial, to account for its non-production so as to let in secondary evidence of the fact of the contract therein contained. This was not done. It is elementary law that the contents of a written or printed contract cannot be proven without the failure to produce the paper itself is accounted for. This objection is fatal to the whole case of de-

fendant in error; for there is no legal evidence that he had a ticket. This being so, he was rightfully ejected.

The conductor who ejected this passenger, while using no unnecessary force, did use unnecessarily abusive language, such as was calculated to unnecessarily insult and degrade the person ejected. In exercising a legal right of ejection, railway companies must not do so in an abusive way. They are the servants of the public, and while their right to enforce reasonable regulations will be upheld, yet the regulations must not only be reasonable in themselves, but the manner and method of enforcing such regulations must be reasonable, and free from unnecessary force, as well as from unnecessary indignity. The unreasonable demands of the defendant in error afford some excuse for the temper shown by the conductor.

In view, however, of the absence of any proof of a legal character that the ejected passenger had any ticket, and his refusal to pay fare, and that, therefore, the relation of passenger and carrier did not exist, we are constrained to reverse the judgment of the Circuit Judge, and enter judgment here for plaintiff in error, the carrier in such case not being held responsible for the ejection.