# Manning *v.* Louisville & Nashville Railroad Co.

*Action for·Damages by Ejected Passenger.*

1. *Travelling on forfeited ticket.*—A regulation adopted by a railroad company requiring a passenger who is found travelling without a ticket, or on a ticket which has been forfeited, to pay for the part of the route already passed over, as well as the part yet to be travelled, is a reasonable rule ; and on his failure or refusal to comply with it, the passenger may be ejected.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAS. B. HEAD.

BOWMAN & HARSH, for appellant, cited *Ward v. N. Y. & H. Railroad Co.*, 56 Hun, N. Y. 268.

HEWITT, WALKER & PORTER, *contra*, cited *Pennington v. Railroad Co.*, 18 Amer. & Eng. R. R. Cases, 310; *Stone v. C. & N. W. Railroad Co.*, 47 Iowa, 82; *Davis v. Railroad Co.*, 53 Mo. 317; *State v. Campbell*, 32 N. J. L. 309; *Pickens v. Railroad Co.*, 40 Amer. & Eng. R. R. Cases, 649; *Swan v. Railroad Co.*, 6 *Ib.* 327; 3 Wood's Railway Law, § 361; Wheeler on Carriers, 174, note; *A. G. S. Railroad Co. v. Carmichael*, 90 Ala. 19; *Boylan v. Hot Springs Railroad Co.*, 40 A. & E. R. R. Cases, 666.

STONE, C. J.—Plaintiff purchased an excursion ticket to and from New Orleans, from defendant's ticket-agent at Birmingham. He obtained it at reduced rates, but on certain conditions as to its use, which were printed on the ticket and subscribed by him. Plaintiff testified that he had read the conditions. Among them are the following: "In consideration of the reduced rate at which this ticket is sold, I, the undersigned, agree with the Louisville & Nashville Railroad Company as follows: That on the date of my departure, returning, I will identify myself as the original purchaser of this ticket by writing my name on the back of this contract, and by other means, if required, in the presence of the ticket-agent of the Louisville & Nashville Railroad Company at the point to which this ticket was sold, who will witness the signature, date, and stamp the contract; and that this ticket and coupons shall be good returning, only for a continuous passage from such date, and in no case later than the date cancelled in the margin of this contract."

Plaintiff conformed to all the requirements of this contract until he reached Mobile on his return trip. At that place he stopped off one day. At the end of that time he boarded another train of the railroad at midnight, and took a berth in a sleeping-car. He proceeded unmolested in his homeward trip until he passed Montgomery, and was nearing Calera, less than forty miles from Birmingham. At that stage of his journey the conductor in charge of the train discovered he was travelling on a forfeited ticket, but possibly did not learn he had so travelled before he reached Montgomery. As a condition of his proceeding farther, the conductor exacted of him that he should pay fare from Montgomery to Birmingham, or, failing, that he would be put off the train at the next station, which would be Calera.

Reaching Calera, plaintiff procured from the ticket-agent at that place a ticket to Birmingham, and upon that ticket sought to continue his journey on the same train. This the conductor refused to allow him to do, stating that, under the road's regulations, he could not permit him to proceed unless he would also pay the back fare from Montgomery. This he failed to do, and was ejected from the train. The present action is brought to recover damages for such ejection. The court gave the general affirmative charge for the defendant.

A regulation by which railroads, when passengers are found on their trains who have no tickets, or who have only forfeited tickets, require of such passengers fare, not only for that part of the route to be travelled, but also for the part already passed over, is certainly a reasonable one. If persons who are attempting to ride without paying fare can have the past forgiven, and need pay only from the place and time of their detection, would not this be the offer of a premium for an attempted undue advantage of the railroad? The regulation needs no argument to uphold its reasonableness.

The authorities are uniform, and very abundant, that the conductor was authorized to demand fare, not only for the portion of the road yet to be travelled, but equally for that part of the road plaintiff had been carried, after his ticket had become *functus* by virtue of his stop-over. And the conductor was fully justified in ejecting Manning from the train, on his refusal to pay the fare as demanded.—3 Wood's Railway Law, § 361. p. 1433; Wheeler Law of Carriers, 174; Hutcheson on Carriers, 2d ed., § 580 *a*; *Hill v. S. B. & N. Y. R. R. Co.*, 63 N. Y. App. 101; *State v. Campbell*, 32 N. J. Law, 309; *Swan v. M. & L. Railroad*, 132 Mass. 116; *Davis v. Kansas City, St. Lo. & C. B. R. R. Co.*, 53 Mo. 317; *Stone v. C. & N. W. R. Co.*, 47 Iowa, 82; *Hall v. Memphis & Ch. R. Co.*, 9 Amer. & Eng. R. R. Cases, 348; *Pennington v. Phila. & Balt. R. R. Co.*, 18 *Ib.* 310; *Pickens v. Rich. & Danv. R. Co.*, 40 *Ib.* 649; *Atch., Top. & Sante Fe R. Co.*, 34 *Ib.* 290; *Johnson v. Concord R. R. Corp.*, 46 N. H. 213; *Rose v. W. & W. R. Co.*, 11 S. E. Rep. 526.

Plaintiff, appellant here, relies on *Ward v. N. Y. Cen. & Hudson Riv. R. R. Co.*, 63 N. Y. Sup. Ct. Rep., 268, as an authority in his favor. The ticket in that case was an ordinary one, and had no clause or stipulation requiring or looking to continuous passage. The decision is rested on the absence of that provision. It refers to and approves many of the decisions we have referred to above, pronounced

[Harold v. Herrington.]

on contracts requiring continuous passage. Properly interpreted, that case is an authority against appellant.

In *Ala. Gr. So. R. R. Co. v. Carmichael*, 90 Ala. 19, we took occasion to comment on the great importance, the public necessity, of wisely observing regulations in the running of trains on railroads. We need not repeat what we there said.

We hold that in the charge given to the jury the Circuit Court strictly followed the law.

Affirmed.