stated independent of the other allegations of the complaint. The chief cause of action alleged in the complaint is conspiracy, and one of the facts tending to show such conspiracy is the failure to pay the dividend, which had been duly declared and which had become a debt against the company.

I conclude that the demurrer was properly overruled and that the interlocutory judgment should be affirmed, with costs, with leave to the defendant to plead over upon payment of the costs of this appeal and of the demurrer.

WILLIAMS, J., concurs.

---

PAINE v. GENEVA, W., S. F. & C. L. TRACTION CO.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. CARRIERS — STREET RAILROADS — INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff, a boy 12 years of age, was injured by jumping from a moving street car on hearing an explosion and seeing flames issuing from the controller box nearly to the roof of the car, whether he was guilty of contributory negligence was for the jury, though other passengers remained seated, and if he had done so he would not have been injured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1352.]

2. SAME—RES IPSA LOQUITUR.

Where an explosion occurred in the controller box of a street car, and flames issued therefrom which extended nearly to the roof of the car, frightening plaintiff so that he jumped from the car and was injured, the burden was on the carrier to establish absence of negligence in order to relieve itself from liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1283, 1290.]

3. SAME—DEFENSES.

Where a passenger on a street car jumped therefrom because of an extraordinary explosion and fire issuing from the controller box, and was injured, it was no defense that the controller was of the best and most approved pattern, that it had been inspected in the most approved manner, that such inspection disclosed no defects, and that there was no known means by which it could be determined in advance whether the controller would explode and burn up in the manner in which it did, since if such were the fact defendant might be guilty of actionable negligence in using such a dangerous appliance on its street cars.

4. TRIAL—INSTRUCTIONS—LAW OF THE CASE.

Where, in an action for injuries to a passenger on a street car by reason of an explosion and fire in the controller, the only issue of negligence submitted to the jury was defendant's failure to discover the defect which caused the accident by inspection, an instruction that the evidence failed to show that there was at the time of the accident any known appliance, device, or degree of care on defendant's part which would have prevented an accident like the one in question constituted the law of the case, and a verdict in favor of plaintiff on the issue submitted was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 790.]

Appeal from Trial Term, Seneca County.

Action by John J. Paine, an infant, by Olin F. Paine, his guardian ad litem, against the Geneva, Waterloo, Seneca Falls & Cayuga Lake

Traction Company.  From a judgment for plaintiff, and from an order denying defendant's motion for a new trial on the minutes of the court, defendant appeals.  Reversed, and new trial ordered.

The action was commenced in November, 1905, to recover damages for injuries sustained by the plaintiff, alleged to have been caused solely through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Charles A. Hawley, for appellant.

A. Lee Olmsted, for respondent.

McLENNAN, P. J.  The evidence given on behalf of the plaintiff tended to prove that on the 25th day of August, 1905, the plaintiff, then 12 years of age, boarded one of the defendant's street cars in the village of Waterloo, N. Y.  He was accustomed to ride on street cars alone, was seated in a seat in the ordinary way and looking backward toward the rear of the car, when he heard an explosion, saw two of the passengers jump to their feet, looked toward the front of the car, and saw flames issuing from the controller box and extending nearly to the roof of the car, saw the motorman jump to one side, and saw a commotion among the passengers.  He, believing the car was on fire, became frightened, left his seat, and jumped from the car, breaking his leg and sustaining the injuries of which he complains.

The question of plaintiff's freedom from contributory negligence was, upon the evidence, one of fact for the jury, and its finding in that respect should be regarded as conclusive.  The fact that the plaintiff jumped from the car while the other passengers remained seated, and that if he had remained he would not have been injured, does not establish negligence on his part as matter of law.  Poulsen v. Nassau Electric R. R. Co., 30 App. Div. 246, 51 N. Y. Supp. 933.

It is urged, however, that there is no evidence which tends to establish actionable negligence on the part of the defendant.  The obligation rested upon the defendant to exercise the utmost care and diligence suggested by human prudence and foresight in the construction and equipment of its cars to insure the safety of the passengers it had received for carriage.  Palmer v. D. & H. C. Co., 120 N. Y. 170, 24 N. E. 302, 17 Am. St. Rep. 629.  The explosion and burning of the controller in the manner described was most unusual and extraordinary and such as to call upon the defendant for an explanation in order to relieve it from the charge of negligence.  Poulsen v. Nassau Electric R. R. Co., 18 App. Div. 221, 45 N. Y. Supp. 941.

The explanation sought to be made by the defendant is in effect that it is impossible to account for the explosion; that the controller was of the best and most approved pattern; that it had been inspected in the most approved manner and in accordance with the most approved methods; that such inspection disclosed no defect, and there is no means known by which it can be determined in advance whether or not such a controller will explode and burn up in the manner in which it did.  We think the evidence does not warrant that conclusion.  Several causes were mentioned by the experts, any one of which would have

accounted for the happening of the accident, and we think the evidence quite plainly demonstrates that an inspection made with "the utmost care and diligence suggested by human prudence and foresight" would have disclosed the defect which caused the explosion. If not, then we think the defendant might well be held guilty of actionable negligence in placing upon its cars a machine or appliance so dangerous that its operation might result in the death or injury of its passengers, with the knowledge that it was impossible to ascertain whether it could be used with safety or not. It cannot be the law that a carrier of passengers may make use of a dangerous appliance, no matter how essential to the conduct of its business in a particular manner, or how perfect such appliance may be in its construction, with the knowledge that a defect in it which would result in injury to the passenger could not be detected by any known test, and then evade liability for injury sustained by a passenger by saying:

"Such defects, if any, which caused the injury, could not have been discovered by any known method of inspection, and therefore no liability attaches."

But, as we have suggested, we think the evidence was of such a character as to have justified the jury in finding that by the exercise of the greatest degree of care and prudence by the defendant it could have discovered that the controller in question was defective, and that upon its failure so to do it was chargeable with negligence which was the proximate cause of the injury sustained by the plaintiff.

The learned trial court, however, charged the jury upon defendant's request that:

"The evidence fails to show that there was at the time of the accident any known appliance or device or degree of care on the part of the defendant which would have prevented an accident like the one in question."

That became the law of this case. The jury were in effect prohibited from finding that the defendant was guilty of negligence because of its failure to discover the defect which caused the accident, and it was not suggested to the jury that they might find the defendant negligent because of the fact that it placed in one of its cars a machine in which a defect existed, but which could not be discovered, and which would render it dangerous to passengers. We therefore fail to discover how, under the charge of the court, any proposition was submitted to the jury which would authorize it to find that the defendant was guilty of negligence which caused the accident. If the defect in the machine was such as could not have been discovered by "any degree of care on the part of the defendant," then the defendant was not chargeable with negligence for not having discovered such defect; and that was the only issue relative to defendant's negligence which was submitted to the jury. The other question suggested, as to whether the defendant was negligent in using such a machine, the defect in which could not be discovered, was in no manner suggested to or submitted to the jury.

We conclude that error was committed by the learned trial court in charging in the language quoted, but that the law as stated in that charge became the law of this case and precluded the jury from ren-

dering a verdict based upon such charge of negligence, and that, there being no other charge of negligence submitted to them upon which to base a finding, their verdict cannot stand. It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur; WILLIAMS and NASH, JJ., in result only.