Findings and decree may be prepared accordingly.

Decreed accordingly.

---

LUCILE WEEKS, Respondent, *v.* THE AUBURN & SYRACUSE ELECTRIC RAILWAY COMPANY, Appellant.

(County Court, Onondaga County, August, 1908.)

Carriers — Carriage of passengers:  Contract for transportation — Right to seat — Waiver by remaining where there is no vacant seat: Liability for personal injuries to passengers — Actions by passengers for personal injuries — Instructions — As to care required of carrier — Negligence as question of law.

The term "law of the case" is a precise application of the law as laid down by the trial judge and, if erroneous, is ground for reversal, although, given at the request of the complaining party, it narrows the scope of his liability, and although upon the facts and the law a recovery would otherwise be upheld.

In an action by a street railway passenger, holding a ticket entitling her to ride on a holiday over defendant's road from one city to another, who, insisting on returning on the first car, which was crowded, was compelled to stand during all the journey, and, because of the jostling and fatigue incidental thereto, whose health was seriously impaired and who contracted, as alleged, a disease from which she has since suffered, and all of whose claims to recover for breach of contract rest upon the alleged failure of defendant to provide her with a seat, a charge, on defendant's request, that defendant was not negligent " for not providing and

using more power and cars and other equipment on the night in question, and by failing to do so didn't omit to discharge any obligation it owed the plaintiff," withdraws from the jury the only ground of recovery and is erroneous.

The plaintiff could have declined to give up her ticket, and, upon the first opportunity, could have left the car and held defendant liable for a breach of its contract to carry; but she could not refuse to surrender her ticket and ride free; and, having accepted transportation in a crowded car and surrendered her ticket, she waived strict performance so far as her contract rights were concerned; and the only duty defendant then owed her was the duty it owed to a passenger who had contracted to ride standing in one of its cars.

APPEAL from a judgment of the Municipal Court of the city of Syracuse, in favor of the plaintiff for $250 damages besides costs.

Nottingham & Nottingham, for appellant.

Frank C. Sargent, for respondent.

Ross, J.   The defendant operates in New York State an electric railroad for conveying passengers, and has a railroad running from Syracuse to Auburn.

On May 30, 1906 (Memorial Day), the plaintiff purchased a ticket of the defendant, entitling her to ride over its road from Syracuse to Auburn and return.   The plaintiff claims that, as she entered a vacant car belonging to the defendant, to return to Syracuse, the crowd, entering at the same time, was so great that she was unable to obtain a seat and she was prevented from leaving the car on account of the crowd; that she was jarred and swayed about without any supports for her hands or arms, and was compelled to ride in this manner to her journey's end; that, owing to the crowded condition of the cars and the jostling and fatigue incidental thereto, her health was seriously impaired and she contracted a disease from which she has since suffered.

The defendant claims that the situation complained of was the ordinary case of a crowded street car, caused by the fact

26

of increased holiday travel and the passengers who insisted on returning on the first car. I have had the aid of briefs prepared with more than usual care.

As I understand the issues in this case, no claim is made by the plaintiff that the roadbed of the defendant or its cars were not properly operated on that day. Her fatigue and inconvenience were caused by reason of the fact that she had to stand during her journey. It is claimed that the defendant failed to provide straps or other conveniences with which she could steady herself. She also claims that she was unable to leave the car by reason of its crowded condition; in any event, she remained until she arrived in Syracuse.

The courts, particularly in this department, have recently determined several cases upon what is termed the "law of the case." This does not mean the application of the recognized rules of law to the proven facts, but is a precise application of the law as laid down by the trial judge and, if erroneous, is ground for reversal, although such erroneous instruction is given at the request of the complaining party, and narrows the scope of his liability, and although upon the facts and the law a recovery would otherwise be upheld. Paine v. Geneva, Waterloo, S. F. & C. L. Traction Co., 115 App. Div. 729; Egg v. Rochester R. Co., Id. 805; Van Alstine v. Standard Light, Heat & Power Co., 116 id. 100.

Applying the foregoing rule to this case, the defendant's attorney requested the trial judge to charge as follows: " I ask your honor to charge it was not negligence for not providing and using more power and cars and other equipment on the night in question, and by failing to do so didn't omit to discharge any obligation it owed the plaintiff." The court: " I charge that."

If the failure of the defendant to furnish more cars so that the plaintiff could have a seat was not negligence, I fail to see any ground under the complaint and proof, upon which it can be charged. The defendant certainly was not liable because a car built to accommodate fifty persons would not seat a hundred; all the incidental inconveniences experienced by the plaintiff resulted by reason of the fact

that the defendant did not have sufficient cars at the time and place to accommodate all its passengers.

The claim of the plaintiff rests upon the proposition that the defendant did not provide her with a seat; that she had no supports for her hands; that she couldn't get off the car if she wanted to; and all the other claims that she makes rest upon the alleged failure to provide her with a seat. And if the company had provided sufficient cars to furnish her with a seat, the basis upon which this action rests would have had no inception. And it seems to me that, following the precise interpretation given to the " law of the case " in the foregoing cases, the learned trial judge withdrew from the jury the only ground of recovery. Marks v. Rochester R. R. Co., 146 N. Y. 181, 188. But the judgment must be reversed upon the merits.

A defendant in failing to perform the conditions of a contract to which he is a party may also be liable for a wrong to the person or property of the plaintiff; but the basis of recovery is different. In the former case it is a failure to perform its agreement, but in the latter case it is a careless or wrongful discharge, or failure to discharge, its duty; or, to express it otherwise, the contracting party is, in common with all mankind, entitled to be treated with care. The position he occupies as a contracting party is only relevant in establishing the degree of care required, and the circumstances which constitute a violation of such duty. Many definitions have been given of negligence, among others, that " It is a violation of the duty to exercise care." The sole claim is that the defendant failed to exercise care to provide the plaintiff with a seat. Not a failure to provide her with a seat; but a failure to exercise due care to so provide her. The failure to provide her with a seat is a breach of contract, for breach of which (assumed) a cause of action arises, independent of the degree of care used. A tort for the violation of such duty only arises when another element is added to the contract duty, to wit, a negligence in its performance. " Negligence implies a voluntary act or omission." Vann, J. Dowd v. N. Y. O. & W. R. Co., 170 N. Y. 469.

There was no voluntary act or omission on the part of the

defendant in failing to furnish the plaintiff with a seat. There was no obligation on the part of the company to transport all the passengers who sought conveyance from Auburn to Syracuse upon the car in which the plaintiff rode.

There can be no possible violation of a duty in the fact that a car built to accommodate fifty passengers would not seat a hundred. Suppose there were a dozen cars awaiting passengers, and suppose all the people seeking transportation crowded into one car. I take it, in such a case, no claim could be made for negligence in failing to furnish these people with a seat. Other questions might arise, if one received injuries; but I am confining myself strictly to the question of failure to furnish a seat. The evidence of the plaintiff is that she left Auburn between eight and nine p. m. The general superintendent of the defendant testified that, on that day, two cars left Auburn at eight-thirty and two at nine-thirty, and that two cars were all they had power to run at a time. In the absence of proof of failure of the company to furnish other cars, and in view of the affirmative proof that they did furnish additional cars, upon this ground alone the claim of the plaintiff must be denied.

The negligence of the defendant not being shown, no question of contributory negligence arises.

The plaintiff waived any claim she might have against the defendant for failure to provide her with a seat.

The relation of passenger and carrier having arisen between the plaintiff and the defendant, the former was entitled to transportation on the cars of the latter from Auburn to Syracuse and, I will assume for the purposes of this case, was entitled to a seat. That is, I will assume that the same duty rests upon a company operating an electrically propelled road for local traffic only as upon a company operating a steam railroad traversing long distances and stopping only at designated stations. The plaintiff could, therefore, have declined to give up her ticket, and upon the first opportunity leave the car and hold the company liable for breach of its contract to convey. But it has been held in at least four States that she could not refuse to surrender her ticket and ride free. Davis v. R. R. Co., 53 Mo. 317; Memphis &

Charleston R. R. Co. v. Benson, 85 Tenn. 627; St. L., I. M. & S. R. R. Co. v. Leigh, 45 Ark. 368; Hardenburg v. St. Paul & Manitoba R. R. Co., 35 Minn. 3.

These cases hold that a passenger cannot accept part performance and refuse to pay. The doctrine of waiver is clearly stated by Mr. Chief Judge Cullen in Draper v. Oswego County Fire Relief Assn., 190 N. Y. 12.

It is a voluntary abandonment or relinquishment by a party of some right or advantage. It requires no consideration nor any prejudice or injury to the other party. It may not be intended in fact, but may arise from the acts of the party. The plaintiff by taking passage in a car, in which it was a physical impossibility for the defendant to give her a seat without committing trespass upon other passengers with equal rights, and remaining upon such car, is now precluded from asserting that she had a right to a seat.

Assuming that the plaintiff was unable because of the crowd, to leave the car, such fact might excuse her from not attempting to leave the car, but, having accepted transportation and surrendered her ticket, it would seem that, so far as her contract rights are concerned, she waived strict performance. The same as though, owing to the crowded condition of a car, she had consented to ride with two other persons in a seat.

When the plaintiff entered the car and surrendered her ticket and continued to ride, she relinquished her contract right to a seat. She had a right to a seat (assumed); she saw she could not obtain such right, yet she persisted in remaining aboard the car. She says that she could not get off (the record does not disclose that she asked the conductor to let her off); but, in any event, she surrendered her ticket. This she had the power to decline to do. In other words, she paid her fare with a full knowledge of the situation, and accepted it as it was, with its attendant inconveniences, precisely as a first-class passenger might accept a seat in a second-class car. The duty the company then owed the plaintiff was the duty it owed to a passenger who had contracted to ride standing in one of its cars. Had the plaintiff received injuries occasioned by such carriage, interesting questions

might be presented as in Burton v. Burton Ferry Co., 114 U. S. 475; Cattano v. Metropolitan S. R. Co., 173 N. Y. 565; but no responsibility arises from the fact that the passenger was standing — a position, which of her own accord she had consented to occupy. Negligence can no more be predicated in such a case, upon the fact that a passenger rode standing and became fatigued and faint, than from the fact that a passenger who was seated became nauseated by the movement of the car. The maxim, *Volenti non fit injuria,* applies: "That to which a person assents is not esteemed an injury."

The case of Willis v. Long Island R. R. Co., 34 N. Y. 770, cited by the plaintiff's counsel, was a case brought by a person who was injured in a collision between cars of the train on which he was riding, and the question presented was whether he was guilty of contributory negligence because he was riding on the platform, there being no vacant seats.

The same question was presented in the case of Quinn v. R. R. Co., 51 Ill. 495, although in the latter case the appellate court says, under the Illinois doctrine of comparative negligence, that the negligence of the plaintiff was greater than that of the company.

The Thorpe Case, 76 N. Y. 402, was an action of an assault committed by a porter of a drawing-room car which the plaintiff had entered, there being no seats vacant in the ordinary coaches. The court held that it was the duty of the railroad company to furnish the plaintiff with a seat. The plaintiff in the Thorpe case was, without fault, assaulted by a servant of the defendant. It was incidentally and necessarily held that the defendant violated its contract duty in failing to provide the plaintiff with a seat. But the questions involved in the case under consideration were untouched.

Judgment reversed, with costs.