(70 Misc. Rep. 558.)

### SCHACHTER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. February 7, 1911.)

STREET RAILROADS (§ 117*)—ELEVATED ROADS—PERSONAL INJURIES—NEGLI-
GENCE—QUESTION FOR JURY.

    Plaintiff, a girl 20 years of age, was seated with other girls at a window trimming hats. Defendant operated its elevated trains directly in front of the premises, with the tracks three or four feet from the window. While thus seated, plaintiff heard three loud reports and saw flame and smoke coming from under a train. The building shook, and the flame and smoke entered the room. All the operatives, including plaintiff, ran towards the stairs at the rear of the room, and in the confusion and panic plaintiff was thrown down the stairs, trampled upon, and injured. The evidence showed that there was a defect in the electrical apparatus or in the handling thereof. *Held*, that the questions whether defendant's negligence was the proximate cause of the injury and whether plaintiff was guilty of contributory negligence were for the jury.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

    Platzek, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Pauline Schachter, an infant, by Nathan Schachter, her guardian ad litem, against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Bayard H. Ames, for appellant.
Feltenstein & Rosenstein, for respondent.

GAVEGAN, J. The action was to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. Plaintiff, an infant 20 years of age, was seated at a window, engaged in working at the trimming of hats, in a room occupied also by 75 other operatives. The room was on the second floor of No. 17 Division street, borough of Manhattan, New York City. Defendant was engaged in operating its elevated trains directly in front of said premises, the tracks being on a level with and about three or four feet away from the window. Plaintiff testified that while thus seated she heard three loud reports and saw flame and smoke coming from underneath

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the train; that the building shook, and the flames and smoke entered the room. All the operatives at work on that floor, including the plaintiff, ran toward the stairs at the rear of the room, and, in the general confusion and panic that prevailed, plaintiff was thrown on the stairway, trampled under foot by others, and severely injured. There was also evidence showing that the cause of the explosion was a defect in the electrical apparatus, or in the handling thereof, used by defendant in the operation of its trains.

On this state of facts the jury found in favor of plaintiff, and the question at issue on this appeal is whether, on the evidence presented by plaintiff, defendant was negligent, and whether such negligence was the proximate cause of her injury. I am of the opinion that defendant's negligence was the direct and proximate cause of plaintiff's injuries. While it is true that there was no physical contact, still it was defendant's negligence that caused an unusual and dangerous condition, to escape which plaintiff's associates acted as reasonably prudent girls would do under the circumstances, and it was for the jury to say whether the panic which followed the explosion could reasonably be expected to flow from defendant's negligence. The close proximity of defendant's tracks, together with three startling explosions, followed by flame and smoke, would naturally lead plaintiff and her co-workers to think that there was imminent danger of fire, and, although it appears that no injury would have resulted if they had remained seated, it cannot be said, as a matter of law, that they were negligent in trying to escape. Twomley v. C. P. N. & E. R. R. Co., 69 N. Y. 158, 25 Am. Rep. 162.

In the case of Wood v. N. Y. Central R. R. Co., 83 App. Div. 604, 82 N. Y. Supp. 160, affirmed 179 N. Y. 557, 71 N. E. 1142, the plaintiff was driving a horse and buggy across the tracks of the defendant, when a locomotive suddenly and without any warning appeared. Plaintiff pulled up, but the horse became frightened and plunged forward, throwing plaintiff back in the body of the buggy, whereby he sustained severe injuries. On this evidence the court below dismissed the complaint, but the Appellate Division reversed the judgment, and was sustained in the Court of Appeals. The Appellate Division, at 83 App. Div. 608, 82 N. Y. Supp. 162, says:

"When the plaintiff was sensible of the imminent peril confronting him, like any sane man he put forth his whole strength to avert the catastrophe. This not only was an involuntary impulse of a person in threatening danger, but it was the duty of the plaintiff to endeavor to avoid the collision. * * * If, in his effort to avoid a calamity, the plaintiff had too suddenly jerked his horse around, causing the buggy to be overturned, and he had been thrown out and his leg broken, the defendant would have been liable. Twomley v. C. P. N. & E. R. R. Co., 69 N. Y. 158, 25 Am. Rep. 162. Because he exercised the wisest judgment and averted the collision, but sustained injuries by reason of his extraordinary efforts in so doing, it is urged that the injuries are not within the pale of those for which a recovery is admissible. The philosophy or logic to sustain this superfine distinction finds no warrant in good sense or authority. The shock to the plaintiff was due to a combination of circumstances. The tremendous physical strain, the jarring ride over the tracks, the jolt against the seat, furnished tangible cause for the injury, and we are not left to conjecture as to their origin."

See, also, Lowery v. Manhattan Ry. Co., 99 N. Y. 158, 1 N. E. 608, 52 Am. Rep. 12; Countryman v. Fonda Ry. Co., 166 N. Y. 201, 59 N. E. 822, 82 Am. St. Rep. 640; Paine v. Geneva, W., S. F. & C. L. Traction Co., 115 App. Div. 729, 101 N. Y. Supp. 204; Gartland v. N. Y. Zoological Society, 135 App. Div. 163, 120 N. Y. Supp. 24; Brooks v. Kings County R. R. Co., 4 Misc. Rep. 288, 23 N. Y. Supp. 1031.

The combination of circumstances disclosed in this case, namely, the three explosions in rapid succession, followed by fire and smoke, shaking of the building, and consequent panic, can reasonably be traced to the defendant's negligence. If the building had actually caught fire by the explosion, and plaintiff in an effort to escape that fire had been injured in a panic which followed, the defendant would have been liable. Gartland v. N. Y. Zoological Society, supra.

I do not think the case of Mitchell v. Rochester R. R. Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604, is controlling in this case. There the plaintiff, while waiting for a car, was suddenly confronted with a dangerous situation, and fainted; the fall and shock causing a miscarriage. There was no physical contact, nor any combination of circumstances which inflicted violent bodily injuries. That case was decided upon public policy, and because it was the result of an accidental and unusual combination of circumstances. I think the court in that case meant to discourage actions for damages for fright alone, and to apply it too closely in a case like this would work injustice.

Judgment affirmed, with costs.

GUY, J., concurs. PLATZEK, J., dissents.