*1108 ON REHEARING
CATES, Presiding Judge.
On November 23, 1976, appellant, through new counsel, filed a motion for rehearing. Since the original opinion came down October 12 the application for rehearing was four weeks (or twenty-seven days under the former rules) too late.
Rule 2(b) ARAP empowers an appellate court, with one exception, to suspend the rules. As our British cousins say: “While Britannia may no longer rule the waves, she still may waive the rules”.
Suspending the rules under 2(b), supra, is in “the interest of expediting decision, or for other good cause shown * * *.”
The first basis of 2(b) is not applicable because decision once rendered, expediting it is functus. Manning v. Louisville & N. R. R. Co., 95 Ala. 392, 11 So. 8.
As to the second, the only discernible ground of the motion is that Reese’s employed counsel — it is alleged without any substantiating affidavit — did not notify Reese that his appeal had been affirmed. Even if Reese were indigent, under Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341, the State is not required by the Fourteenth Amendment to furnish counsel beyond the first level of appellate review.
We hold that a mere allegation of non-notification of an appellate affirmance in the case of a non pauper is not good cause to suspend the rule as to the time of filing a rehearing.
Ex mero motu we dismiss the motion for rehearing as tardy. See ARAP Rule 40 and former Supreme Court Rule 34.
OPINION EXTENDED;
APPLICATION FOR REHEARING STRICKEN.
All the Judges concur.